UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| GARY LEE ROSENBAUM, JR., <br><br>    Plaintiff, <br><br> -vs- <br><br> EXPERIAN INFORMATION SOLUTIONS, INC. and EDFINANCIAL SERVICES, LLC, <br><br>    Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, GARY LEE ROSENBAUM, JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and EDFINANCIAL SERVICES, LLC (hereinafter "EdFinancial") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Brevard County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. EdFinancial is a corporation with its principal place of business in the State of Tennessee and is authorized to do business in the State of Florida through

its registered agent, NRAI Services, Inc., located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. EdFinancial is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. EdFinancial furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff had loan accounts with EdFinancial for student loans.

17. Plaintiff was a member of the class action lawsuit, *Sweet v. Cardona*.

18. On or about June 22, 2022, the plaintiffs and U.S. Department of Education reached a settlement in *Sweet v. Cardona*, which was approved by the court on November 16, 2022.

19. On or about February 28, 2023, Plaintiff received correspondence from U.S. Department of Education which stated that pursuant to the *Sweet* class action settlement, Plaintiff's federal student loans were discharged and any tradeline associated with the discharged student loans would be deleted from his credit reports.

20. On or about February 10, 2024, Plaintiff obtained a copy of his Experian credit report, and upon review, Plaintiff observed incorrect and inaccurate names and addresses. Further, Plaintiff observed the following accounts:

4

      i. EdFinancial, partial account number 194041********, opened on April 2, 2019, with a balance of $10,117;

      ii. EdFinancial, partial account number 194041********, opened on April 2, 2019, with a balance of $30,492;

      iii. EdFinancial, partial account number 50000********, opened on August 21, 2019, with a balance of $500; and

      iv. EdFinancial, partial account number 50000********, opened on August 21, 2019, with a balance of $6,618.

21. In response to the inaccurate reporting, on or about February 15, 2024, Plaintiff mailed a written dispute letter to Experian. In the dispute letter, Plaintiff explained that the aforementioned EdFinancial accounts were discharged by the *Sweet* class action settlement and should be deleted from his credit report, or at the very least, should have a zero balance. To confirm his identity, a copy of his driver's license was included. Also, in this letter, Plaintiff provided images of the erroneous reporting in his Experian credit report, a copy of the U.S. Department of Education correspondence regarding the *Sweet* class action settlement, and images from his online student loan accounts portal showing a zero balance for all loans.

22. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 9589 0710 5270 0744 4050 52.

5

23. On or about February 23, 2024, Experian responded to Plaintiff's dispute by stating three of the four aforementioned EdFinancial accounts were deleted. However, EdFinancial, partial account number 194041********, was verified and updated, and continued to be reported with a balance of $10,117. Such reporting continued to negatively impact Plaintiff's debt-to-income ratio.

24. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

25. Experian never attempted to contact Plaintiff during the alleged investigation.

26. Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

27. On or about March 4, 2024, Plaintiff obtained an updated copy of his Experian credit report. To his relief, all of the erroneous EdFinancial accounts were no longer reported to his credit file.

28. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Reduction in credit score;

    v.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    vi.    Plaintiff wanted to attempt to qualify for a mortgage loan but did not out of fear due to the incorrect false information on his credit report which may have resulted in him being denied or being approved for a higher interest rate.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

29.    Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

7

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

31. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

32. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

33. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Willful)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

51. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52. Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

53. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc. (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

57. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

58. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59. Plaintiff repeatedly provided Experian with the information it needed to confirm that the EdFinancial tradelines should be deleted, or at the very least should be shown with a zero balance, including but not limited to correspondence from the U.S. Department of Education and relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

60. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc. (Willful)

63. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

64. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

65. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66. Plaintiff repeatedly provided Experian with the information it needed to confirm that the EdFinancial tradelines should be deleted, or at the very least should be shown with a zero balance, including but not limited to correspondence from the U.S. Department of Education and relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

67. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, EdFinancial Services, LLC (Negligent)**

70. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

71. EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

72. After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous EdFinancial student loan accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

73. Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the account statuses were inaccurate.

74. EdFinancial knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

75. EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

76. As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77. The conduct, action, and inaction of EdFinancial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual damages against Defendant, EDFINANCIAL SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Willful)

79. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

80. EdFinancial furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

81. After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

erroneous EdFinancial student loan accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82. Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the account statuses were inaccurate.

83. EdFinancial knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

84. EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

85. As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86. The conduct, action, and inaction of EdFinancial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87. Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EDFINANCIAL SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GARY LEE ROSENBAUM, JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and EDFINANCIAL SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of March 2024.

Respectfully submitted,

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
*Attorney for Plaintiff*